## Longswamp School District *versus* Trexler.

1. School directors who, without authority of law, had paid for substitutes out of the funds of the district on the promise of the principals to repay, were not competent witnesses in an action by the district against the principals, being themselves liable to the district for improper payments.

2. A principal, at whose request school directors illegally paid money of the district to procure a substitute, in an action by the district against him to recover the money, cannot set up the want of authority of the directors as a defence.

March 2d 1868. Before STRONG, READ, AGNEW and SHARSWOOD, JJ. THOMPSON, C. J., at Nisi Prius.

Error to the Court of Common Pleas of *Berks County*: To January Term 1868, No. 284.

This was an action of assumpsit, commenced February 14th 1866, by the Longswamp School District against Henry Trexler, to recover $200, part of the sum paid by the plaintiff to procure a substitute for the defendant, which it was alleged he promised to repay. It appeared from the evidence that the plaintiff had paid for recruits at the rate of $300 and $325 each to fill a draft made in May 1864, until the directors learned that the draft was filled. It afterwards was found that their information was a mistake; a further draft was ordered, and the defendant was drafted. At the time he was drafted the defendant was at the provost-marshal's office, urging the agent of the school board to put in a substitute for him. The defendant, who was examined, testified that he depended upon the school board to put in a substitute, but had not promised to repay $200. The plaintiff gave in evidence a certificate of defendant's exemption by reason of putting in a substitute and receipt of substitute brokers endorsed for $500 from the committee, for the defendant's substitute: also the proceedings of the board after the draft, in which they resolved to pay $300 for the substitutes, and to advance more if necessary, provided the drafted men would agree to repay the excess. The plaintiff then offered to prove by members of the board, that defendant, upon being informed of the foregoing action of the board, agreed to repay the excess over $300, and that the board then made their action final. This offer was objected to and rejected on the ground of the incompetency of the members of the board, their action in paying over $300 being illegal, and they therefore personally liable.

A bill of exceptions was sealed for the plaintiff.

The court (Woodward, P. J.) charged that there was no evidence to support the plaintiff's claim, and directed a verdict for the defendant. There was a verdict accordingly.

The plaintiff took a writ of error, and assigned for errror the rejection of their offer of evidence and the charge of the Court.

[Longswamp School District *v.* Trexler.]

*J. B. Bechtel*, for plaintiff in error.—As to the charge cited Hamaker *v.* Eberley, 2 Binney 509; Austyn *v.* McClure, 4 Dall. 229; Hind *v.* Holdship, 2 Watts 105.

*J. S. Richards*, for defendant in error.

The opinion of the Court was delivered, March 27th 1868, by AGNEW, J.—The testimony of the school directors, offered to prove an express contract on part of the defendant to pay back the $200 advanced for him, was properly rejected. The payment of the money being unauthorized, they were liable to the district, and had a direct interest in the recovery in this action, in order to exempt themselves from the effect of their mispayment.

But we think the learned judge erred in instructing the jury that there was no evidence for their consideration in support of the plaintiff's claim. The party here is the school district, not the individual directors, and its money was paid for the benefit of the defendant at his request—indeed at his earnest solicitation. The payment was unauthorized, and this the defendant was as much bound to know as the directors who paid the money for his use. He was not merely quiescent, and the payment simply voluntary on part of the directors. Having induced the directors, and joined with them in causing the money to be paid for his own special benefit, he cannot now set up their want of authority against the school district as a defence. The district cannot be prejudiced by the unauthorized act of its officers, and may look to him as well as to them. Its money unquestionably went to his his use, and that use was dictated by his own desire and request. The law out of these elements will raise a promise to refund. As to the $300 paid we express no opinion, the suit being brought only for the $200, the excess over the *maximum* sum allowed to be paid under the general bounty laws. The court ought to have left the case to the jury on the evidence.

Judgment reversed, and a *venire de novo* awarded.